UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X   NOT FOR PUBLICATION

RASHID WALKER,

                Petitioner,                      **MEMORANDUM**
                                                         **AND ORDER**

-against-

                                                        10-CV-5558 (CBA)

HAROLD D. GRAHAM, Superintendent,

                Respondent.
---------------------------------------------------------------X

AMON, United States District Judge:

Petitioner Rashid Walker, appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court directs petitioner to show cause within 30 days of the entry of this Memorandum and Order why the petition should not be dismissed as time-barred.

## BACKGROUND

Petitioner was convicted in the Supreme Court of the State of New York, Kings County, of murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree and assault in the third degree and sentenced to sixty seven years to life imprisonment on February 10, 2005. Petition at ¶¶ 1-5. On November 27, 2007, the Appellate Division affirmed the conviction, *People v. Walker*, 45 A.D.3d 878 (2d Dep't 2007), and the New York Court of Appeals denied leave to appeal on February 26, 2008, *People v. Walker*, 10 N.Y.3d 772 (2008). Petitioner did not file a writ of certiorari to the United States Supreme Court. Petition at ¶ 9(h).

## DISCUSSION

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Under subsection (A),[1] the instant petition appears untimely. Petitioner's conviction became final on or about May 26, 2008, upon expiration of the 90-day period for seeking a writ of certiorari. *Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009); *Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001). Absent tolling, in order to be timely, this petition should have been filed on or before May 26, 2009. This petition was instead filed on November 26, 2010. Therefore, unless the petitioner can show that the one-year statute of limitations period should be tolled, the petition is barred by 28 U.S.C. § 2244(d) as untimely.

---

[1] Petitioner does not state any facts to conclude that subsections (B)-(D) are applicable.

Tolling

A. Statutory Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. *Smith v. McGinnis*, 208 F.3d 13, 16-17 (2d Cir. 2000) (*per curiam*). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999); *see also Carey v. Saffold*, 536 U.S. 214, 219-21 (2002).

Here, petitioner filed two post-conviction motions: (i) a petition for a writ of *error coram nobis* on January 30, 2009 that was denied on June 16, 2009, and (ii) a motion pursuant to N.Y. Criminal Procedure Law § 440.20 ("440 motion") on June 22, 2009 that was denied on October 19, 2009. Petition at 4. Petitioner indicates that he did appeal the denial of these post-conviction motions to the highest state court, but he does not provide the dates the he appealed or the dates of the decisions by the highest state court. *See* Petition at 5, ¶ 11(d). The Court, therefore, cannot determine how much tolling is available based on the pendency of these post-conviction motions in the state courts. Petitioner is directed to provide the dates for any appeals he filed with respect to the *error coram nobis* and the 440 motion and the dates of the decision from the highest state court on each motion.

B. Equitable Tolling

The limitations period may also be equitably tolled. *Holland v. Florida*, — U.S. —, 130

3

S.Ct. 2549, 2560 (June 14, 2010); *Smith*, 208 F.3d at 17 (equitable tolling is available if petitioner can demonstrate that "extraordinary circumstances prevented him from filing his petition on time," and that he "acted with reasonable diligence throughout the period he seeks to toll."). While petitioner provides a statement in support of the timeliness of this petition, *see* Petition at 14, ¶ 18, in light of his *pro se* status, the Court provides him another opportunity to demonstrate whether equitable tolling should apply to this petition.

Petitioner is advised, however, that ignorance of the law or reliance on jailhouse lawyers is not sufficient to warrant equitable tolling. *Lizaide v. Kirkpatrick*, No. 09-CV-5038, 2009 WL 4110296, at *2 (E.D.N.Y. Nov. 24, 2009) (citing *Worsham v. West*, No. 05 Civ. 530, 2006 WL 2462626, at *2 (S.D.N.Y. Aug. 23, 2006) ("Mere ignorance of the law does not qualify as an extraordinary circumstance warranting equitable tolling in habeas cases.")); *Francis v. Miller*, 198 F.Supp.2d 232, 235 (E.D.N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling); *see also Marsh v. Soares*, 223 F.3d 1217,1220 (10th Cir.2000) (prisoner not excused from complying with statute of limitations based on reliance on inmate law clerk); *Hamilton v. Warden of Clinton Correctional Facility*, 573 F.Supp.2d 779, 781 (S.D.N.Y. 2008) (reliance on prison law clerk to file application for writ of error, which was never filed, not extraordinary circumstance because it did not amount to "sufficiently egregious conduct" and no "extraordinary action to preclude or delay" filing was taken).

## CONCLUSION

Accordingly, the Court directs petitioner to show cause by written affirmation,[2] within 30 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-

---

[2] An affirmation form is attached to this order for petitioner's convenience.

barred by the AEDPA's one year statute of limitations. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000). In the affirmation, petitioner must provide the dates he filed an appeal of the denial of each of his post-conviction motions and the dates of the decisions by the state's highest court. In addition, petitioner should present any facts which would support equitable tolling of the period of limitations, if applicable.

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for 30 days or until petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

/Signed by Judge Amon/

Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
December 17, 2010